## BARRON v. WILLIAMS.

1. FINDING OF FACT that life insurance policy was not given to wife, reversed.

2. HUSBAND AND WIFE—FRAUD—DEBTOR AND CREDITOR—LIFE INSURANCE.—Gift to wife by insolvent husband of property exempt from execution is not a fraud as to creditors, and when such gift is a life policy made before assignment for creditors, it will be valued at its worth at time of assignment.

3. ASSIGNMENT—PAROL.—LIFE INSURANCE policy may be assigned by parol.

Before BUCHANAN, J., York, January, 1900.    Reversed.

Action for possession of life insurance policy by John I. Barron, individually and as administrator of the estate of Mary L. Barron, deceased, against George W. Williams, administrator of the estate of Walter T. Barron, deceased; D. E. Finley, as assignee of Kennedy Brothers & Barron, and Walter T. Barron; The Equitable Life Assurance Society of the United States; Elizabeth E. Barron, Benjamin P. Barron, Walter T. Barron, Archibald A. Barron and Louise W. Barron, defendants.    From Circuit decree plaintiff and individual defendants appeal.

*Mr. Geo. W. S. Hart,* for appellants, cites: *Appellants are entitled to the fund under homestead laws:* 77 Mo., 38; 34 S. C., 7; 27 S. C., 434; 46 S. C., 167; 29 S. C., 169; 28 S. C., 111; 18 S. C., 528; 13 S. C., 451.

*Mr. T. Y. Williams,* for D. E. Finley, assignee, contra, cites: *As to sustaining findings of fact:* 5 S. C., 189; 11 S. C., 29, 93, 486; 12 S. C., 572.    *Alleged assignment prejudicial to creditors:* 34 S. C., 7; 88 Am. Dec., 525; 29 Beav., 637; 39 Miss., 655; 77 Mo., 38.    *And void as to subsequent creditors:* Rev. Stat., 2153; 39 S. C., 130.    *Policy passed by assignment for creditors:* 1 N. Y. Nat. Rep., 854.

July 25, 1900.    The opinion of the Court was delivered by

MR. JUSTICE JONES.  The object of this action is to determine the ownership of a policy of insurance issued November 22, 1888, by the Equitable Life Assurance Society, on the life of Walter T. Barron, who died intestate January 21, 1899.  The policy was made payable "to Walter T. Barron, his executors, administrators or assigns."  The plaintiff, as administrator of Mary L. Barron, who died intestate February 12, 1899, claims the policy under an alleged gift by Walter T. Barron to his wife, Mary L. Barron.  The defendant, D. E. Finley, claims the policy under a deed of assignment for the benefit of creditors, executed to him as assignee June 2, 1896, by the firm of Kennedy Brothers & Barron, of which Walter T. Barron was a member, and by Walter T. Barron individually.  This assignment conveys all the individual and partnership property of the assignors not exempt from levy, attachment and sale as a homestead, but does not mention specifically the policy of insurance. In the event the transfer to Mary L. Barron is not sustained, the plaintiff and the five defendants last named in the title of this cause as surviving children of Walter T. Barron and Mary L. Barron, claim that the policy should go to them as part of the homestead exemption of their father.  The Circuit Court held that there was no transfer of the policy by Walter T. Barron to Mary L. Barron; that the policy passed to the assignee, D. E. Finley, under the assignment for creditors; but that Mary L. Barron having paid the premiums on the policy from the date of the assignment to the death of Walter T. Barron, her administrator was entitled to such a proportion of the fund as the payments she made bears to the whole number of payments.

We think the preponderance of the evidence is clearly against the conclusion of the Circuit Court, that there was no transfer of the policy by Walter T. Barron to Mary L. Barron.  Indeed, we fail to find anything in the evidence to sustain the conclusion of the decree below.  The plaintiff testified positively that his father, Walter T. Barron, in 1894, delivered to his mother, Mary L.

Barron, a policy in the Equitable Life Assurance Society on the life of Walter T. Barron, saying to her: "This is yours; put it up; keep it." This is corroborated by Elizabeth E. Barron, one of the defendants, a daughter of Walter T. Barron, who testified that more than two years previous to July, 1896, when her brother, Lapsly, died, her father delivered to her mother a policy in the Equitable Life Assurance Society, saying: "This is yours; put it away in a safe place." The identity of the policy in question with the policy referred to by these witnesses is shown by the testimony of an officer of the Equitable &c., that said company issued but one policy on the life of Walter T. Barron. There is no imputation whatever against the character and credibility of these witnesses. Their evidence was objected to as incompetent under sec. 400 of the Code. It does not appear that this objection was ruled upon by the Circuit Court, nor is such ruling, if any, questioned by any exception; but as we are relying upon said testimony, we may say in passing that the testimony was not objectionable under sec. 400, because it was not in regard to any transaction or communication between such witness and the deceased person. This evidence was further corroborated by a letter addressed by Walter T. Barron to his wife, Mary L. Barron, dated November 30, 1898, during his last illness, which was found in his pocket after his death. In this letter, among other matters not necessary to mention, Walter T. Barron wrote: "First collect the insurance, it is all yours." The policy was never delivered to the assignee under the deed of assignment for creditors, nor, as stated, was it referred to specifically in the deed of assignment; on the contrary, the policy remained in the possession of Mary L. Barron, and after her death it was found in her private desk. In the listing and valuation of the personal property of Walter T. Barron, made by Joseph F. Wallace, a short time after the assignment of June 2, 1896, no mention is made of this policy. In the absence of any evidence to the contrary, we are satisfied that Walter T. Barron gave this policy to his wife previous to the deed of

assignment.    But it is argued that such a voluntary transfer was fraudulent and void as against Walter T. Barron's existing creditors.    In order to avoid a gift by the husband to the wife for fraud, it is incumbent on the creditors to show that the gift was detrimental to their rights.    As stated in *Bridgers v. Howell*, 27 S. C., 434, "There can be no fraud either actual or constructive in a debtor putting beyond the reach of the ordinary process of law funds or property which by law are exempt from the payment of a debt, for the reason that the creditor is not thereby deprived of any right or impeded in the enforcement of it."    So in *Finley v. Cartwright*, 55 S. C., 198, it was held that an insolvent debtor, who is the head of a family in this State, may, as against his creditors, convey his homestead to his wife.    It was incumbent, therefore, on the contestee, assignee for creditors, to show that at the time of this transfer or gift of the policy to his wife, the homestead exemption would not protect this property from creditors. It does not appear what amount of personal property was owned by Walter T. Barron at the time of the gift to his wife, but it does appear that Mr. Barron's personal property was value by Mr. Wallace about June, 1896, and found to be $335.    This did not include $34.89 money on deposit in the Loan and Savings Bank in the name of Walter T. Barron.    There was evidence to show that the cash surrender value of the policy on June 2, 1896, the date of the assignment to D. E. Finley for creditors, was only $94.15.    From this evidence alone, the proper inference is that at the time of the transfer of the policy to Mrs. Barron, Mr. Barron did not own personal property exceeding his homestead exemption; hence the transfer could not be in fraud of the rights of creditors.    We may add that a policy of insurance, like any other chose in action, may be transferred by parol, unless some unwaived provision in the policy forbids it.    We find nothing in the policy forbidding such a transfer.    The insurance company makes no question on that score, but by a consent order has paid the fund,

$2,641.24, into the hands of the clerk of the Court for the person entitled to the same. Our conclusion above disposes of the case, and it is unnecessary to consider further. The administrator of Mary L. Barron is entitled to the fund in Court.

The judgment of the Circuit Court is, therefore, reversed and the case remanded, with instruction to the Court below to order the whole fund, $2,641.24, paid to the plaintiff, as administrator of Mary L. Barron.