## WORTH v. NORTON.

1. PRACTICE— JURY— DISCRETION— APPEAL— CONTINUANCE.— MOTION
   for leave to withdraw case from the jury and continue to a day
   certain, is addressed to the discretion of the Circuit Judge, and is
   not subject of appeal unless there be an abuse of discretion, which
   is not the case where defendant finds himself without evidence to
   support an affirmative defense after trial entered upon.
2. EVIDENCE—NOTICE TO PRODUCE.—Secondary evidence of contents of
   a note not in Court in possession of plaintiffs, but in another county,
   cannot be given by defendant pleading statute of limitations on two
   hours' notice to produce, as such notice is not reasonable, and
   defendant cannot introduce secondary evidence in such case, without
   giving reasonable notice to produce the note.
3. PRACTICE—JURY—VERDICT—CIRCUIT JUDGE.—Under the facts here,
   it was error for the Judge to instruct a verdict, as there was evi-
   dence by allegations omitting date of note, and stating date of com-
   mencing of interest at a time sufficient to bar the note and failure
   to have note in Court, from which the jury might have inferred that
   the note was barred, as pleaded by defendant.   MR. CHIEF JUSTICE
   McIVER *dissents.*

Before KLUGH, J., Marion, spring term, 1900.   Re-
versed.

Action on note by B. G. Worth and C. W. Worth, survi-
vors, against James Norton on the following complaint:

"I. That heretofore B. G. Worth and D. G. Worth were copartners in trade, doing business in the city of Wilmington, N. C., under the firm name of Worth & Worth. II. That subsequently C. W. Worth was admitted to said firm, and all the goods, effects and rights of action of the old firm were transferred to and became the property of the new firm, composed of B. G. Worth, D. G. Worth and C. W. Worth, and among said goods, effects and rights of action was the note hereinafter described, which at the formation of the new firm was transferred from the old to the new firm for value. III. That subsequently D. G. Worth departed this life, and the plaintiffs herein, as survivors of said firm, became the owners of all the property of the said firm, among which property was the note hereinafter set out, which is now the property of the plaintiffs herein. IV. That heretofore the defendant, James Norton, executed his certain promissory note in writing, and thereby promised to pay to the order of B. G. Worth and D. G. Worth, copartners as alleged in paragraph I. hereof, one day after date, the sum of $303.03, with interest from the 30th day of March, 1888, at six per cent. per annum till paid. V. That plaintiffs herein are now the owners and holders of said note, and no part thereof has been paid, and there is due thereon by the defendant, James Norton, to the plaintiffs the sum of $303.03, with interest from the 30th day of March, 1888, at six per cent. per annum."

The defendant answered as follows:

"1. That the note set forth and described in plaintiffs' complaint was due and payable more than ten years before the commencement of plaintiffs' action; that during that time he has made no promise, express or implied, to pay said note to plaintiffs, or to any lawful owner and holder thereof, their agents or attorneys. He, therefore, sets up as a bar to plaintiffs' action the statute of limitations, and claims the benefit and protection thereof as if the same were more formally pleaded."

From judgment for plaintiffs on verdict directed by Court, defendant appeals.

*Messrs. Sellers & Sellers,* for appellant, cite: *As to direction of verdict by Court:* 11 Ency., 490, 502; 6 Ency. P. & P., 675; 21 S. C., 550; 47 S. C., 488; 31 S. C., 238; 11 Ency. P. & P., 105; 3 Wash., 34; 48 Ala., 497. *Failure to produce note raised presumption that it was barred:* 4 Rich. L., 329; 11 Ency., 503. *Secondary evidence as to date of note should have been admitted:* 5 Rich. L., 361; 17 S. C., 587; 4 Minn., 515.

*Messrs. Johnson & Johnson,* who were associated with Messrs. Sellers and Sellers after case was before jury, also cite for appellant: *Withdrawal of case from jury was within the discretion of the Judge:* 51 S. C., 412; 21 S. C., 327; 4 Strob., 61; *and under facts here, he should have done so:* Code, 195; 17 S. C., 445; 50 S. C., 404; 42 S. C., 209; 48 S. C., 5; 34 S. C., 352; 57 S. C., 291; 33 S. C., 273; 47 S. C., 498. *As to instructing jury to bring in verdict for plaintiff:* Con. 1868, sec. 25, art. IV.; Con. 1895, sec. 26, art V., 15 S. C., 392; 19 S. C., 581; 28 S. C., 255; 38 S. C., 1; 47 S. C., 513; 52 S. C., 582. *Date of note could be shown by circumstantial evidence and refusal to so charge is error:* 19 S. C., 32; 51 S. C., 301; 49 S. C., 295. *Note expressing no time of payment is due instanter:* 2 McC., 246. *Error to require jury to sign verdict against their wishes:* 31 S. C., 126; 16 S. C., 1; 51 S. C., 322; 54 S. C., 238.

*Messrs. Wilcox & Wilcox,* contra, cite: *All of defendant's exceptions are too general:* 48 S. C., 321; 51 S. C., 311; 39 S. C., 296; 45 S. C., 494; 56 S. C., 38, 252; 59 S. C., 1, 39; 54 S. C., 325, 395; 55 S. C., 375, 401; 56 S. C., 256; 54 S. C., 402; 53 S. C., 94; 57 S. C., 55; 47 S. C., 91; 43 S. C., 99; 30 S. C., 167. *It is not error to fail to charge a specific proposition not requested:* 47 S. C., 105; 52 S. C., 438; 51 S. C., 103; 37 S. C., 427; 55 S. C., 395; 54 S. C., 192. *As to directing verdict:* 57 S. C., 289; 52 S. C., 516;

54 S. C., 123. *Whether note was lost, is addressed to discretion of Circuit Judge:* 29 S. C., 199; 55 S. C., 277. *Contents of note could not be shown without notice to produce:* 2 Rich., 140, 154; 2 Bail., 327; 52 S. C., 82. *No appeal from refusal to withdraw case from jury except in abuse of discretion, and none here:* 2 Rich., 140; 57 S. C., 17; 33 S. C., 303; 55 S. C., 353; 56 S. C., 298, 88; 55 S. C., 465; 53 S. C., 222; 54 S. C., 235; 58 S. C., 335. *Ruling that allegations of complaint admitted by answer entitled plaintiff to judgment on trial is correct:* 10 S. C., 100; 19 S. C., 451; 16 S. C., 579; 5 S. C., 87; Code, 267, 197; 11 S. C., 122. *Plea setting up note without date is indefinite, and defendant should have moved to have it made definite:* 51 S. C., 495; 50 S. C., 318, 65. *Dating note not essential to its validity:* 2 Ency., 2d ed., 128; Rice, 246; 30 S. C., 526. *Objection not raised below cannot be made here:* 50 S. C., 318, 514. *No charge on facts here:* 57 S. C., 427; 56 S. C., 126; 53 S. C., 381; 52 S. C., 438.

April 15, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was an action on a promissory note, and the defense was a plea of the statute of limitations. At the close of the case the Court directed the jury to find a verdict for the plaintiff, and from the judgment entered for the amount of the verdict, the defendant appeals. Other facts will be stated in the discussion of the points raised for our ruling, and the nature of the exceptions which we deem proper to be considered will sufficiently appear from our rulings thereon.

1. There was no error of law in the refusal of defendant's motion to withdraw the case from the jury, as complained in the fourth, nor in refusing to postpone the further hearing of the case until a later day of the term, as complained in the fifth exception. Such matters, as has been frequently held, are within the discretion of the trial Judge, and do not constitute ground for reversal unless there

clearly appears an abuse of discretion, and no abuse of discretion appears in this case. When the complaint (which is officially reported herewith) was read, plaintiffs' attorneys stated that as the defendant admitted the facts alleged in the complaint and set up an affirmative defense, the statute of limitations, the defendant should open and reply, to which the Court assented. The defendant's attorney stated that they had no testimony to offer except that in the statement of the pleadings. In this state of affairs the Court was about to instruct the jury to find for the plaintiffs, inasmuch as he thought there was no evidence to sustain the plea of the statute of limitations, when defendant's attorney, Mr. Sellers, stating that he was unprepared, asked for some indulgence of time, and then the Court postponed the further hearing of the case until the afternoon session of that day. Upon the reconvening of the Court that afternoon at 3 o'clock, Mr. P. B. Sellers having in the meantime associated with himself Messrs. Johnson & Johnson, moved that the case be withdrawn from the jury and continued, submitting an affidavit by Mr. P. B. Sellers to the effect that the senior member of the firm of Sellers & Sellers had had the entire charge of the management of the case on Circuit and was then absent from town, and further that the defendant, James Norton, a member of Congress, was then absent in attendance upon a session of Congress at Washington, D. C.; and that said defendant would testify if present that the note sued on was executed by him more than six years before the commencement of the action; and that defendant could not go safely to trial without such testimony, and that the motion was not made for delay, &c. The motion was refused on the ground that it would not be exercising a wise discretion to continue the case at that stage of the proceedings, but the Court invited a motion to open the case for further testimony. Thereupon defendant's attorneys moved to postpone the hearing of the case until the following Saturday, which was refused. Then the Court granted defendant's motion to open the case for further testimony.

There is nothing in this showing abuse of discretion; on the contrary, it would seem that defendant's counsel had received much indulgence and liberality from the Court.

2    Thereupon the defendant's attorneys caused Mr. Wilcox, one of the attorneys for the plaintiff, to be sworn, and presented a notice served upon Mr. Wilcox about two hours previous, to produce the note sued on, otherwise secondary evidence would be offered.    Mr. Wilcox having been asked where the note was, testified that it was not in Marion County, and that when he last saw or heard of it, the note was in Florence.    Then defendant's attorney asked Mr. Wilcox: "What is the date of that note?"    Although the witness had previously stated that he did not know the date of the note, plaintiffs' attorney objected to the question on the ground that the note was the best evidence and reasonable notice to produce it had not been given.    The objection was sustained.    Whereupon the witness reiterated that he did not know the date of the note, as previously stated.    Then defendant's attorney stated that his motion to go into the contents of the note was on the ground that the note was lost and it was not necessary to give notice to produce it.    The Court then being of the impression that probably the rule as to reasonable notice was different in the case of a paper which forms the very subject and foundation of the suit, indulged defendant's attorneys in further interrogating Mr. Wilcox as to the date and maturity of the note, to all of which questions Mr. Wilcox answered that he did not know the date of the note or of its maturity.    From the foregoing recitals it is manifest that all exceptions that might be construed as relating to the above rulings, even if not too general, must be overruled, or, whether right or wrong, the appellant was not prejudiced thereby.    Then Mr. P. S. Sellers having been sworn for the defendant, and having testified that he had seen the note since the inception of the case, was asked to state the date of the note; and on objection raised, the Court ruled the question incompetent on the ground that it was not the best evidence.    Then de-

fendant's counsel again stated that his motion was to go into the contents of the note on the ground that the note was lost or mislaid. The Court overruled that on the ground that the evidence did not show that the note was lost or mislaid. As there was no such evidence, the ruling was correct, and the eighteenth exception, specifically complaining thereof, must be overruled. Appellant's sixth, seventh, eighth and ninth exceptions, relating to this general subject, seek to raise the questions: (1) that it was not necessary to give the notice to produce the note before offering secondary evidence of its contents, since the note was the basis of the action, and presumed to be in the possession of plaintiffs; (2) that if such notice was necessary, the notice given was reasonable, and authorized secondary evidence on failure to produce. We might decline to consider these questions because they present grounds different from those asserted below, but we will waive this objection in this instance. Mr. Greenleaf in his work on Evidence, vol. 1, p. 561, states three cases in which it is not necessary to give notice to produce: "First, where the instrument to be produced and that to be proved are *duplicate originals;* for in such case, the original being in the hands of the other party, it is in his power to contradict the duplicate original, by producing the other, if they vary; secondly, where the instrument to be proved is *itself a notice,* such as a notice to quit, or notice of the dishonor of a bill of exchange; and thirdly, where from the *nature of the action* the defendant has notice that the plaintiff intends to charge him with possession of the instrument—as, for example, in trover for a bill of exchange." Appellant places reliance of the exception last stated as covering this case, in which the note formed the basis of the action. In relation to the third exception to the rule as stated above, Mr. Starkie in his work on Evidence, 10 ed., p. 561, says: "The reason for giving notice and the necessity for giving it cease when from the very nature of the suit or prosecution, the party must know that he is charged with the possession of the instrument. Consequently, in an

action of trover for a bond or note, parol evidence of the instrument may be given, although no previous notice to produce it be proved." But the following note and citations therein, on page 562, will show that appellant's case does not fall within the exception stated: "But in an action on a check, with a plea that it was won by playing at an unlawful game, the defendant cannot give secondary evidence of it without notice to produce it; *Read* v. *Gamble,* 10 Ad. & E. (37 E. C. L. R.), 597. A plea to an action by the drawer of a bill against the acceptor, that he accepted in part payment of a debt owing by him to the plaintiff to induce him to prove his debt under a fiat against the defendant, which acceptance in part payment of such debt is denied in the replication, does not give the plaintiff such notice that the bill will be called for as to dispense with notice to produce— *Goodered* v. *Armour,* 3 O. B. (43 E. C. L. R.), 956. Neither does a plea that defendant's acceptance was obtained by fraud—*Lawrence* v. *Clarke,* 14 M. & W., 250. Where usury is stated to have been committed in discounting the bill upon which the action is brought, and another bill in one undivided transaction, no parol evidence is admissible as to the contents of the latter, unless notice has been given to produce it—*Hattam* v. *Withers,* Esp. C., 259." From the foregoing it would seem that a plea of the statute of limitations to a note which is the basis of a suit could not fall within the exceptions to the general rule. So far as our decisions go, they hold to the general rule that parol evidence of the contents of a paper in the possession of the adverse party, which constitutes the evidence of the rights pleaded, cannot be given except after reasonable notice to produce; the exceptions being that no notice is necessary when the paper called for is in Court, or when the paper relates to a collateral circumstance and not to the main issue in the case. *Reynolds* v. *Quattlebaum,* 2 Rich., 140; *Gist* v. *McJenkins,* 2 Rich., 154; *Lowrey* v. *Pinson,* 2 Bail., 324; *Hampton* v. *Ray,* 52 S. C., 82. The note in question not being in Court, but in a different county from the place of

trial when called for, the two hours notice to produce was not reasonable.

3. We will now consider whether the Court erred in instructing the jury to find a verdict for the plaintiff for the amount claimed. In this we think there was reversible error. It will be observed that we are not now to consider the *sufficiency* of the evidence, but whether there was *any* evidence, however slight, tending to show that the note was barred by the statute. It must also be remembered that the test of the evidence on this question is not whether the Circuit Court would be warranted in granting a new trial, for a new trial may be properly granted for insufficiency of evidence, when it would be errer to nonsuit or direct a verdict on the same evidence; nor is the question to be tested by what this Court would conclude to be the fact from the evidence, if the decision of such question of fact were properly before us. The complaint alleged the execution of the note previous to the commencement of the action, but did not allege the particular date of such execution. The answer, by not denying, admitted the execution of the note described in the complaint, but in the plea of the statute of limitations alleged that the note became due and payable more than ten years before the commencement of the action. As the action was commenced on the 8th day of July, 1898, if the note, which was payable one day after date, was executed at any time previous to say the 4th day of July, 1892, under the six years limitation it would be barred. The complaint alleged that the note bore interest from the 30th day of March, 1888, and was payable one day after date. There was no evidence whatever to show that the defendant was indebted to the plaintiff previous to the execution of the note, or that the note was executed in settlement of any indebtedness which had been due for some time before the execution of the note, which would render it reasonable to stipulate for interest to run from a period previous to the delivery of the note. Except for some good reason like this, men do not usually stipulate for interest to

begin before the obligation is incurred, since interest is compensation for the use or detention of money.    Such a stipulation might be made in an attempt to evade the usury laws, but in the absence of evidence, the presumption is that no unlawful interest was contemplated.    Now, since all that human tribunals can do is to show the existence of a fact with greater or lesser degree of probability, is it probable, or rather is it not in a very high degree improbable, that the note was executed *after July 4, 1892,* and yet bear interest from March 30, 1888?    The *possibility* of such a thing may be admitted, but it is a strain on credulity to believe it *probable,* in the absence of any evidence to that effect.    Besides, the complaint was before the jury.    Might they not, with some show of reason, have thought it probable, that the pleader had in view the possibility of a plea of the statute of limitations, when he sought with great adroitness to state a cause of action without disclosing the exact time when his cause of action accrued?    We do not suggest any blame to the pleader.    It is quite natural to want to defeat such a plea.    Furthermore, the jury would have observed that the note sued on was not in Court, and that fact may have suggested to their minds that it would have been in Court, if being in evidence it would defeat the defendant's plea. To view the matter from a slightly different aspect.    This form of note would answer the description given in the complaint: "One day after date I promise to pay to the order of Worth and Worth Three Hundred and 03-100 dollars with interest from the 30th day of March 1888 at six per cent per annum till paid James Norton"    The execution and delivery of such a note without date being admitted, and there being no evidence as to the time of the delivery, the presumption would be that the note took effect on the date mentioned in the note.    There being some evidence tending to show that the time of the delivery of the note was previous to July, 1892, the jury ought to have been allowed to pass upon the issue raised by defendant's plea.

The other exceptions not practically disposed of by the

foregoing are not deemed important, and will be overruled without extended remarks.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

MR. JUSTICE GARY *concurs in the result.*

MR. CHIEF JUSTICE MCIVER *dissenting.* While concurring fully with Mr. Justice Jones on all other points considered in his opinion, I am unable to agree with him as to the third position which he takes, to wit: that there was error on the part of the Circuit Judge in directing the jury to find a verdict for the plaintiffs under the case as it was presented in the Circuit Court, which is fully and fairly stated in the leading opinion. The defendant having failed to deny any of the allegations in the complaint, it follows necessarily that every material allegation in the complaint must be taken as true—Code, sec. 189; *Addison* v. *Duncan,* 35 S. C., at page 172. If the facts stated in the complaint were not sufficient to constitute a cause of action, then the defendant's remedy was by demurrer, which was not resorted to in this case. And if the facts as stated in the complaint were not stated with sufficient definiteness or certainty to enable the defendant to make the defense which he desired to make, then his remedy was by a motion to require the plaintiffs to make the allegations of their complaint more definite and certain; but the defendant did not see proper to avail himself of such remedy. On the contrary, he contented himself with filing his answer, in which, without denying a single allegation in the complaint, he sets up an affirmative defense; and, of course, he was bound to introduce testimony tending to sustain his affirmative defense. This he failed to do; for while *he offered* to introduce some testimony, the same was ruled to be incompetent (and very properly so held to be in this very case), and, therefore, the defendant failed to introduce any testimony whatever to sustain his affirmative defense. In this attitude of the case

there was no issue of fact for the jury to pass upon, and, therefore, it was not only the right but the duty of the Circuit Judge to instruct the jury to render a verdict in favor of the plaintiffs, whose cause of action had been admitted; as was said by this Court, in *Gilreath* v. *Furman*, 57 S. C., at page 293 : "As there was nothing to go to the jury, it was the duty of the Court to instruct a verdict."

It is contended, however, that the jury might have inferred from the allegations of the complaint that the note which constituted the evidence of the promise of the defendant to pay to the plaintiffs the sum of money mentioned in the note, was executed more than six years before the commencement of the action, and, therefore, it should have been left to the jury, to say whether such an inference should be drawn. Now, the allegations of the complaint, so far as this particular matter is concerned, are that, prior to the commencement of the action, the defendant executed his note, whereby he promised to pay to the plaintiffs, one day after date, $303.03, with interest from the 30th day of March, 1888, at six per cent. per annum, until paid, but did not allege the particular date on which the note was executed; and the "Case" shows that this action was commenced on the 6th day of July, 1898. Conceding, for the sake of argument, that the jury would be justified in basing their conclusion as to what was the date of the note upon an inference to be drawn from such allegations, what inferences could possibly properly be drawn from such allegations? It might be inferred that the note was executed after the 30th of March, 1888, and prior to the 6th of July, 1898, but how long after the first named date or how long before the last named date, would be a matter of pure conjecture, without a single circumstance disclosed by these allegations to guide us in making such conjecture. It seems to be intimated that the fact that the note bore interest from the 30th March, 1888, is a pregnant circumstance in the case, to indicate that the note was executed within four years from that date, or rather renders it highly improbable that it was executed within six

years prior to the commencement of the action.    It seems to me that experience does not sustain the position, for it is not at all uncommon for notes to be drawn bearing interest from a date prior to the dates of such notes.    Indeed, if inference (though it seems to me more proper to call it conjecture) is to be indulged in, the most reasonable inference to be drawn from the fact that the note here in question was so drawn as to bear interest from the 30th of March, 1888, would be that the note was executed on some day subsequent to such date, but how long subsequent to such date would be purely a matter of conjecture, in which a jury is not at liberty to indulge.    It is said, notes are not usually drawn in that way unless there is some good reason for it, and stress is laid upon the fact that no testimony was offered to show why this note was drawn in that way.    Why the plaintiff should have offered any such testimony, I am utterly at a loss to perceive.    Their cause of action having been admitted, it certainly was not necessary and would, probably, have been regarded as impertinent (using that term in its original sense) for the plaintiffs to have offered any testimony at all. It does not seem to me that the second aspect in which this question is presented by Mr. Justice Jones warrants the view which he takes, that if a note drawn in the way which he suggests, without date, in the absence of any evidence as to the time of its execution, the presumption would be that the note was executed on the day mentioned in the note.    On the contrary, I think that the presumption would be that the note was executed some time after the day mentioned in the note; otherwise the specification of the day from which interest would commence to run would be wholly useless.

I am, therefore, entirely satisfied that the judgment of the Circuit should be affirmed.