6578

THOMPSON BROS. v. PIEDMONT MUTUAL INSURANCE CO.

1. PLEADINGS—PROOF—INSURANCE.—The plaintiff must prove all the material allegations of his complaint. Conditions subsequent to the issuance of a policy of insurance are not included in an allegation that insured has fulfilled all the conditions of the policy, as failure to perform such conditions is matter of affirmative defense.

2. EVIDENCE—SECONDARY—NOTICE TO PRODUCE—INSURANCE.—In an action on an insurance policy, defense resting on violation of conditions subsequent, defendant must give reasonable notice to produce if he desires to use the policy in establishing his defense, or to give secondary evidence of its contents. Notice served on attorney and one plaintiff in Court, and the other fourteen miles away to produce the policy the next day in Court, the one at home being sick and not knowing where the policy was, policy not being in Court, is not sufficient.

3| CONTINUANCE.—It is not an abuse of discretion for Judge to refuse to withdraw case from jury because defendant could not properly make out his defense without policy of insurance sued on, which he was lead to believe from the pleadings the plaintiff would have in Court at the trial.

Before PRINCE, J., Lancaster, October, 1906.   Affirmed.

Action by Thompson Bros. against Piedmont Mutual Insurance Co. From judgment for plaintiff, defendant appeals.

*Messrs. Carlisle & Carlisle, for appellant,* cite: *Judgment will be reversed if there was abuse of discretion:* 60 S. C., 296.

*Mr. J. Harry Foster,* contra, cites: *What defendant should allege and prove:* 28 S. C., 439; 60 S. C., 484; 43 S. C., 26. *Secondary evidence and reasonable notice:* 60 S. C., 300; 2 Rich., 154; 52 S. C., 82; 2 Rich., 140; 69 S. C., 430. *Proof of contents of policy:* 73 S. C., 545. *Abuse of discretion and continuing case:* 50 S. C., 403; 18 S. C.,

315; Rule, 27 C. C.; 33 S. C., 107, 582; 42 S. C., 209; 17 S. C., 451; 51 S. C., 405; 53 S. C., 224.

July 8, 1907. The opinion of the Court was delivered by

Mr. Chief Justice Pope. On June the 7th, 1905, the defendant insurance company issued to the plaintiffs, Thompson Brothers, a mercantile firm doing business at Van Wyck, in Lancaster County, a policy of fire insurance for six hundred dollars on a stock of general merchandise. On December 24th, 1905, the goods were destroyed by fire and the defendant having refused to pay the policy, plaintiffs brought this action alleging the execution of the policy and the fulfillment of all the conditions therein. Defendant admitted the execution but denied that the plaintiffs had complied with the conditions. The case came on for trial at the October, 1906, term of Court of Common Pleas for Lancaster County. At the conclusion of the plaintiff's testimony, defendant, on the ground that he had been misled by the above allegation as to the fulfillment of the conditions to believe that the policy would be in Court, moved that the plaintiffs be required to produce it. This the presiding Judge, Hon. George E. Prince, refused to do. Thereupon, a motion for a continuance was made, which was likewise refused. After some controversy, however, the Judge consented to suspend the case, from that time, about 12:30 o'clock, until the next morning, so as to give the defendant an opportunity to secure the policy, he agreeing that in case he failed to do so a verdict should be entered against him for the full amount claimed. Defendant's counsel immediately gave oral notice to plaintiffs that a subpœna *duces tecum* would be served upon them; that is, the two brothers and counsel. In accordance with this notice, at about 2 o'clock, Mr. T. R. Thompson was served; at 3:10, Mr. Foster, the counsel; and at 9 that evening, Mr. S. L. Thompson was served. The last mentioned was at home sick. He did not know where the policy was, and

being unable to attend Court sent a doctor's certificate. The other plaintiff and Mr. Foster were in Lancaster. Van Wyck was fourteen or fifteen miles away. They state that when the subpœna was served upon them that the only train was past due and they supposed that it had gone; that the condition of the roads made it impracticable to go by private conveyance; therefore, they could not produce the policy. The Circuit Judge held that under the subpœna *duces tecum* he could not require plaintiff and his counsel to leave Court and go home to get the paper; that the subpœna only required that the party served should bring the paper; and that he must have reasonable notice. In this case the Court found there was not reasonable notice and allowed the case to go to the jury. It resulted in a verdict of six hundred and thirty-seven dollars and ninety-one cents for the plaintiff. The defendant appeals.

The first contention on the part of the defendant is that the plaintiff alleged compliance with all the conditions of the policy, and therefore he must prove such compliance.

It is an elementary proposition of law that the plaintiff must prove all the proper and material allegations of his complaint. These material allegations include only such facts as are necessary to show a right of recovery. 2 Greenleaf on Evidence (13 ed.), sec. 376. Therefore, unless it can be shown that the plaintiff's right of recovery is dependent on proof of this allegation, defendant's contention cannot be sustained. An examination of the conditions set forth in the answer, and alleged to have been violated by the plaintiff, will show that they are conditions subsequent and go to defeat the liability of the insurer in case they are not complied with. It is well settled that such limitations or conditions in a policy are matters of defense and need not be alleged or proved by the plaintiff. 11 Ency. of P. & P., 413; 19 Cyc., 921. The same rule prevails in this State. In *Pickett* v. *Ins. Co.*, 60 S. C., 485, 38 S. E., 160, we find this language: "It is alleged in the complaint that all the conditions of the policy had been per-

formed, which allegation was denied by defendant's answer, such denial does not require a plaintiff in a suit on an insurance policy to prove compliance with the conditions in reference to forfeitures as a part of the plaintiff's case. It is incumbent on the insurer when sued to specifically allege any matter of forfeiture relied on." See, also, *Roach* v. *Ins. Co.,* 28 S. C., 439, 6 S. E., 286; *Copeland* v. *Ins. Co.,* 43 S. C., 26, 20 S. E., 754. Here the defendant did set out in his answer the specific provisions alleged to have been violated by the plaintiff, still the further duty devolved upon him to prove his defense.

This he claims he was unable to do because the policy was not produced in Court by the plaintiff. To meet such cases the law provides the writ of *duces tecum,* by which either party is compelled at the instance of the other to produce any document necessary to the proof of the other's case, a limitation being that reasonable notice be given. Defendant contends that the nature of the suit was such as to lead him to believe that the policy would be in Court, and, therefore, it was not necessary for him to give notice. The following language quoted from Greenleaf, in the case of *Worth* v. *Norton,* 60 S. C., 299, 38 S. E., 605, determines that there are three cases in which notice to produce are not necessary: "First, where the instrument to be produced and that to be proved are *duplicate originals,* for in such case, the original being in the hands of the other party, it is in his power to contradict the duplicate original by producing the other, if they vary; second, where the instrument to be proved is *itself a notice,* such as a notice to quit, or notice of the dishonor of a bill of exchange; and third, where from the *nature of the action* the defendant has notice that the plaintiff intends to charge him with the possession of the instrument—as, for example, in trover for a bill of exchange." This case does not fall under either of these divisions, therefore notice should have been given. Defendant claims he gave notice. Plaintiffs admit the notice, but allege they did not have a reasonable

time in which to comply with it. What is a reasonable time must depend on circumstances. There may be cases in which a party would be required to leave Court in order to produce the paper. As was said in the case of *Reynolds* v. *Quattlebaum*, 2 Rich., 145: "There is no doubt about the rule that parol evidence of the contents of a deed, in the possession of the adverse party, cannot be received, without reasonable notice to produce it. But what is a reasonable notice must depend on circumstances. The reasons for requiring notice before the trial do not apply when the deed is in Court in the party's possession, and can be produced *instanter*. In this case the Judge was satisfied the deed was in Court, and that it was so was not denied, either on the Circuit or in this Court. Under these circumstances the notice to produce the deed was sufficient." Who then shall say what is a reasonable time? The only proper tribunal is the Circruit Judge, for the reason that in this, as in other matters in which he is allowed to exercise his discretion, he is present at the trial and is in a position to know the circumstances surrounding the case better than other tribunals. If in his opinion the notice is reasonable, and the party fails to bring forward the paper, then he may admit secondary evidence. In the absence of abuse of discretion his decision is final. In the cause now under consideration we think there was no abuse of discretion and that secondary evidence was properly refused. *Sims* v. *Railway*, 59 S. C., 246, 37 S. E., 836.

Continuance is a matter in the discretion of the Circuit Judge and, as has so often been decided, unless there is an abuse of discretion this Court will not interfere. Here no abuse of discretion has been shown. *State* v. *Wyse*, 33 S. C., 582, 12 S. E., 566; *Worth* v. *Norton*, 60 S. C., 300, 38 S. E., 605.

The judgment of the Court below is affirmed.