§483

HUGUENIN v. CONTINENTAL CASUALTY CO.

1. INSURANCE—ISSUES.—There being evidence in this case in support of
the finding by the Circuit Court that the insured came to his death
by means of a casualty which produced sickness continuing up to his
death and the issue being one of fact in a law case, the judgment
is not disturbed.

2. IBID.—PLEADINGS.—That failure to give notice of a casualty forfeits
a policy of casualty insurance is an affirmative defense and must be
pleaded.

Before MEMMINGER, J., Colleton, July, 1912.    Affirmed.

Action by Nancy Huguenin, admx. of William Huguenin,
against Continental Casualty Company.   Defendant appeals.

*Mr. Heber R. Padgett,* for appellant, cites: *Plaintiff must
show continuous disability from the accident:* 60 Ill. App.
106, 17 S. E. 982; 108 N. W. 491; 105 S. W. 35: 86 S. W.
491; 69 S. W. 956; 64 N. W. 1039; 98 Pac. 1075; 47 S. E.
942; 57 So. 852.   *Proximate cause is excluded:* 73 S. E. 99;
83 Conn. 708; 67 At. 259.   *No recovery can be had where
disease contributes to cause of death:* 73 S. E. 99; 78 At.
317; 179 Fed. 794; 133 N. W. 752; 190 Fed. 258; 118 N.
W. 70; 123 N. W. 456; 67 At. 259; 73 Fed. 774; 78 N. W.
252; 98 Fed. 930; 102 N. W. 190; 78 Fed. 285; 51 S. C.
210; 37 N. E. 353; 75 S. W. 180; 93 Fed. 621.   *Courts
should enforce contract as written unless against public
policy or fraudulent:* 73 S. E. 99; 102 N. W. 190; 98 Fed.
930; 67 At. 259; 79 Fed. 285; 75 S. W. 180.   *Notice of*

*injury must be given:* 88 N. E. 6; 83 N. E. 398; 67 N. E. 882; 36 S. E. 764; 56 Vt. 374; 58 At. 1057; 27 At. 154; 103 S. W. 784; 60 At. 1009; 69 N. Y. Supp. 831; 142 Fed. 653; 64 S. E. 510; 44 Ind. 460; 61 Ill. App. 74; 29 Pa. St. 198; 43 N. H. 621; 99 Pac. 537, 135; 93 N. E. 948; 129 N. Y. Supp. 136.

*Mr. J. F. Brown,* contra, cites: *Construction of the contract:* 11 Ency. 285. *Accident as applied to insurance:* 1 Ency. 87, 88, 89, 90.

March 24, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   William Huguenin, late of Colleton county, took out a policy of casualty insurance on 23d March, 1910, and died 23d July, 1911.   In this action on the policy, brought by his wife, in her own right and as administratrix of his estate, the issues of law and fact were referred by consent to C. G. Henderson, Esq., who made a report in which he found that the only issue in the case was whether the death of Huguenin was due to casualty or to ordinary sickness.   Holding that it was due to ordinary sickness and not to casualty, the referee found that under the terms of the policy the recovery should be for only forty dollars, the amount specified in the contract as indemnity for one month's sickness, and not for four hundred dollars, the amount recoverable for a casualty producing total, continuous disability after the injury.   On the point that this was the sole issue there was no exception to the master's report.   The Circuit Judge, on consideration of the evidence, held that Huguenin's death was due to a casualty which produced sickness up to the time of his death, and decreed that the plaintiff recover four hundred dollars.

This being a law case, this Court cannot disturb the findings of fact of the Circuit Court if they have any support in the evidence.   The testimony is very meagre, but Major

Simmons, a farm laborer, testified that Huguenin had a fall from a wagon, and the wife of the deceased testified that the fall brought on his sickness, and there was no evidence whatever that the deceased did, or was able to do, any work after that fall. Dr. Es'Dorn testified that when he was called in to see Huguenin he found him suffering from acute inflammation of the liver which seemed to have been caused by some external injury. The serious nature of the inflammation produced by the injury certainly afforded some ground for the Circuit Judge to conclude that the deceased was entirely disabled after the accident which caused it. The fact that the physician testified that such injuries would render the recipient of them liable to an attack of malaria in a malarial climate, and that the deceased was so attacked before he died, did not negative the conclusion that the primary and proximate cause of death was the inflammation produced by the fall.

Even if the point that the policy had been forfeited by the failure to give notice of the casualty, as required by the contract, had been urged before the referee, it would not have availed the defendant. Such a forfeiture is an affirmative defense to be proved by the defendant (*Thompson* v. *Piedmont Mutual Ins. Co.,* 77 S. C. 294, 57 S. E. 848; *Spann* v. *Phoenix Ins. Co.,* 83 S. C. 262, 65 S. E. 232), and no evidence of the failure to give this notice was offered.    .    .    .

Affirmed.