## 9022

### FRIERSON v. UNITED STATES CASUALTY CO.

### (84 S. E. 535.)

INSURANCE. FORFEITURE. NOTICE OF CLAIM. ISSUES.

1. INSURANCE—ACTION ON POLICY—DIRECTION OF VERDICT—EVIDENCE.— Where, in an action on an insurance policy, providing that insured must give notice of his claim within ten days after commencement of his illness, unless such notice were not "reasonably possible," there was evidence that plaintiff's failure to give notice within ten days was due to sickness and suffering, requiring the administration of anodynes to relieve his pain, the Court property refused to direct a verdict for defendant.

2. INSURANCE—ACTION ON POLICY—BURDEN OF PROOF—COMPLIANCE WITH CONDITIONS.—Since noncompliance with the conditions of an insurance policy was a matter of defense, there was no burden on plaintiff to prove, in the first instance, strict compliance with such terms.

Before HON. C. J. RAMAGE, special Judge, Florence. April, 1914. Affirmed.

Action on insurance policy by W. D. Frierson against United States Casualty Company. From judgment for plaintiff, defendant appeals.

*Messrs. Willcox & Willcox,* for appellant, submit: *Failure to give notice of claim within time limited forfeited*

FOOTNOTE.—As to validity of provision in accident or health policy requiring notice of accident or sickness within specified time, see note in 18 L. R. A. (N. S.) 109, and 27 L. R. A. (N. S.) 319, and note in 34 A. & E. Ann. Cas. 1914d, 412.

*claim:* 1 Cyc. 274; 60 Pac. 666; 128 Cal. 131; 46 S. E. 678; 119 Ga. 455; 36 S. E. 764.

*Messrs. Gasque & Page,* for respondent, submit: *Burden of proving violation of conditions subsequent on the insurer:* 77 S. C. 294; 57 S. E. 848; 83 S. C. 262; 65 S. E. 32; 46 S. C. 541; 24 S. E. 500; 77 S. E. 751; 42 S. C. 14; 19 S. E. 1020; 43 S. C. 26; 20 S. E. 754; 54 S. C. 599; 32 S. E. 762.

March 9, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against the defendant for recovery of $104.28, alleged to be due plaintiff under a policy of insurance issued on August 8, 1911, by the New Amsterdam Casualty Company and subsequently assumed by the defendant. The cause was tried before Hon. C. J. Ramage, special Judge, and a jury, at the April term of Court, 1914, for Florence county, and resulted in a verdict in favor of plaintiff for $84.28. After entry of judgment defendant appealed, and by two exceptions imputes error on the part of the trial Judge in refusing to direct a verdict for the defendant, as moved for in the trial of the case, for the reason that the contract of insurance between the parties shows that in order for the plaintiff to recover he must have given written notice of his claim within ten days after the commencement of his illness, unless such notice should be shown not to have been "reasonably possible," when, according to all the evidence, including the plaintiff himself, such notice was not given. These exceptions narrow the appeal down to one point: Was it reasonably possible for such notice to have been given within the ten days provided for in the contract of insurance under which plaintiff seeks to recover in this action? The only evidence in the case is that introduced on part of plaintiff; the defendant offered none. The Judge could not direct a verdict if

from the evidence more than one inference could be drawn if the evidence was susceptible of more than one conclusion, then it became a question of fact for the jury to pass upon and determine. It was not the duty of the plaintiff to prove a strict compliance with the terms of the contract. If there was a breach of conditions subsequent which would go to defeat the liability of the insurer in case they are not complied with, that is a matter of defense. For this principle see: *Pickett* v. *Insurance Co.,* 60 S. C. 485, 38 S. E. 163; *Thompson Bros.* v. *Piedmont Insurance Co.,* 77 S. C. 294, 57 S. E. 848; *Spann* v. *Phoenix Insurance Co.,* 83 S. C. 262, 65 S. E. 32; *Carpenter* v. *American Accident Co.,* 46 S. C. 541, 24 S. E. 500; *Huguenin* v. *Continental Casualty Co.,* 94 S. C. 138, 77 S. E. 751. A careful reading of the plaintiff's evidence, and that of his witnesses, especially that of Dr. McMaster, direct, cross, and taken as a whole, shows there was sufficient evidence to make an issuable fact for the jury to pass upon as to whether or not the plaintiff, by reason of suffering and sickness and at times under the influence of anodynes, was in such a condition as it was "reasonably possible" for him to have given the notice within ten days as provided for under the contract of insurance. It was for the jury to say whether the plaintiff was sick and suffering to such an extent that anodynes had to be administered to him, to relieve his pains, was in a condition to think about the terms of his policy of health insurance so that it was "reasonably possible" to give notice of his sickness within the ten days. There is no complaint as to his Honor's clear, fair, and impartial charge to the jury on this point. It was favorable to the defendant. We see no errors on the part of his Honor as complained of by the exceptions. The exceptions are overruled. Judgment affirmed.