13409

CURDTS v. PIONEER LIFE INSURANCE CO.

(164 S. E., 438)

*Messrs. Mann & Plyler,* for appellant,

*Mr. C. G. Wyche,* for respondent,

May 12, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a policy of life insurance. The complaint alleges:

"(1) That the plaintiff is the widow of Edward C. Curdts, Jr., deceased, and is a resident of the County of Greenville, State of South Carolina; that the defendant, Pioneer Life Insurance Company, is a corporation incor-

porated under the laws of the State of South Carolina as a life insurance company, and as such is authorized to do business in this State, and maintains offices and agents in the County of Greenville, State of South Carolina.

"(2) That on or about the 21st day of December, 1927, the defendant, by its duly authorized officers and agents, executed and delivered to Edward C. Curdts, Jr., of Greenville, S. C., its policy of insurance in writing upon the life of Edward C. Curdts, Jr., whereby said defendant agreed to pay plaintiff, his wife, as beneficiary, upon the death of Edward C. Curdts, Jr., the sum of Four Thousand ($4,-000.00) Dollars.

"(3) That the said Edward C. Curdts, Jr., died on the 7th day of February, 1930, and due notice of his death was given to the defendant immediately thereafter, and plaintiff has fulfilled every condition of the policy on her part.

"(4) That no part of said sum agreed to be paid by the defendant in accordance with the terms of said policy has been paid and there is now due and owing to this plaintiff, as beneficiary, the sum of Four Thousand ($4,000.00) Dollars, together with interest thereon at the legal rate from March, 1929."

The defendant, by its answer, admitted the allegations contained in Paragraphs 1 and 2 of the complaint; also that the insured died on or about February 7, 1930, and that the company had denied liability on the policy of insurance. For a further defense, it is alleged that the "said policy of life insurance lapsed and ceased to be of force prior to the death of the said Edward C. Curdts, Jr., by reason of the non-payment of premiums as required in and by the terms of said insurance policy contract, and this defendant therefore is not liable to the plaintiff herein for any sums whatsoever, the said policy not being of force for any benefits on the date of the death of the insured."

The case was tried at the April, 1931, term of Court of Common Pleas for Greenville County, Hon. John S. Wilson presiding. Only one witness was called, Mrs. Ruth Curdts, who testified that she was a resident of Greenville; and that she married Edward C. Curdts, Jr., on November 22, 1927, and lived with him until February 7, 1930, the date of his death. Plaintiff then rested her case, whereupon counsel for the defendant made a motion for a nonsuit upon the following grounds:

"There is no allegation in the complaint that the policy was of force on the date of the death of the insured; there is no proof that the policy was in force on the date of the death of the insured; and there is no proof that any premiums were paid on account of said policy.

"Further, that said policy of insurance sued on is not offered in evidence and there is no evidence of its terms."

This motion being refused, counsel stated that the defendant would offer no testimony, but asked for a directed verdict on the same grounds as those of the motion for a nonsuit, and this additional ground: "That no contract is offered in evidence; on the ground there is no proof of the payment of any premium; there is no showing that there is a policy contract, no showing or allegation that the policy contract sued on was of force on the date of the death of the insured."

This motion the Court likewise refused, but directed a verdict for plaintiff upon the ground, stated in substance that "the defendant had admitted all of the material allegations of the complaint, and had failed to prove its affirmative defense that the policy had lapsed and ceased to be of force on account of the non-payment of premiums." The defendant appeals.

We think the first ground of appellant's motions is without merit. The defendant admitted the allegation of the complaint that the policy on the life of the insured was issued and delivered (see *Lane v. Insurance Co.,*

147 S. C., 333, 145 S. E., 196), but alleged that it was not in force at the time of his death, having lapsed on account of non-payment of premiums. Where a policy provides for forfeiture in case of non-payment of premiums, such non-payment would go to defeat the liability of the insurer; however, it is a matter of defense, to be pleaded and proved by the defendant. 33 C. J., 110; *Copeland v. Assurance Co.,* 43 S. C., 26, 20 S. E., 754; *Frierson v. Casualty Co.,* 100 S. C., 162, 84 S. E., 535.

Nor do we think there is merit in the contention that there was no evidence of the terms of the policy. The company, we may assume, knew the provisions of the contract under which it insured the life of the deceased; it also undoubtedly knew whether or not the allegations of the complaint correctly stated the provisions of the policy upon which the plaintiff relied for recovery. The answer admitted the written agreement between the insurer and the insured to be as alleged in the complaint, and we think such allegations, if proved or admitted, were sufficient to warrant a recovery on plaintiff's part.

The appellant also complains that the Court committed error in directing a verdict for the plaintiff, as she failed either to introduce the policy in evidence or to account for its whereabouts; and that the Court could not presume, as a matter of fact, that she was the owner and holder of the policy, as it might have been assigned or otherwise disposed of.

Under the admitted facts of the case, we do not think there was error. It is true that "a policy of insurance, like any other chose in action, may be transferred by parol, unless some unwaived provision in the policy forbids it." *Barron v. Williams,* 58 S. C., 280, 36 S. E., 561, 562, 79 Am. St. Rep., 840. We do not know what the policy in the case at bar provided with regard to the matter of its assignment, but, as to the possibility of its having been transferred, the defendant, if not fully protected by its provisions

in this respect, of which it must necessarily have had full knowledge, could have required the plaintiff, on proper notice, to produce the policy upon the trial of the case, and the question, if any, as to its assignment, could then have been determined by the Court. Incidentally, this also would have enabled the defendant to offer proof of its special defense. In *Thompson Brothers v. Insurance Co.,* 77 S. C., 294, 57 S. E., 848, 849, the Court said: "To meet such cases the law provides the writ of *duces tecum,* by which either party is compelled at the instance of the other to produce any document necessary to the proof of the other's case, a limitation being that reasonable notice be given."

We think that, under the peculiar facts and circumstances, the Court properly directed a verdict for the plaintiff.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur. MR. J. HENRY JOHNSON, Circuit Judge, concurs in result.