## 17604

Edward C. COOK, Respondent, v. STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY, Appellant

(112 S. E. (2d) 241)

454

*Messrs. Butler & Chapman* and *L. Paul Barnes,* of Spartanburg, *for Appellant,*

*Messrs. Benjamin A. Bolt,* of Greenville, and *Sam R. Watt* and *Chester D. Ward, Jr.,* of Spartanburg, *for Respondent,*

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellant, in Reply.*

January 14, 1960.

Moss, Justice.

The respondent, Edward C. Crook, did, on April 20, 1955, in the Court of Common Pleas for Spartanburg County, South Carolina, in an action against W. Frank Smith, as administrator of the estate of Otis L. Smith, deceased, obtain a judgment in the amount of $5,000.00 as damages for personal injuries sustained as a result of the negligent operation of an automobile owned and driven by Otis L. Smith, now deceased. In this action a motion for a new trial was made and refused and the judgment so obtained became final because no appeal was taken therefrom.

It appears that on December 15, 1953, that an automobile driven by the respondent and one owned and driven by Otis L. Smith were involved in an automobile collision near Woodruff, South Carolina. The respondent and Smith were severely injured. The respondent instituted the action above referred to against Otis L. Smith for damages for the injuries alleged to have been sustained by him. Otis L. Smith, who was the defendant in said action, denied liability and interposed a counterclaim against the respondent for the injuries sustained by him. The said Otis L. Smith employed an attorney to represent him in connection with the counter-

claim. It should be stated that during the pendency of the action that Otis L. Smith died, and W. Frank Smith was made a party defendant as the administrator of his estate.

The record shows that State Farm Mutual Automobile Insurance Company, the appellant herein, did, on September 19, 1953, issue its liability insurance policy to Otis L. Smith covering the automobile which he was driving at the time of the collision with the respondent. By the terms of the aforesaid policy the appellant agreed to pay on behalf of the said Otis L. Smith all sums which the insured should become legally obligated to pay because of bodily injuries to others arising out of the use and operation of the insured automobile; but not exceeding $5,000.00 as to any one person.

The liability policy issued by the appellant to Otis L. Smith had the usual provisions for giving written notice of an accident, containing particulars sufficient to identify the insured, information as to the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses; and provided that no action should lie against the company unless, as a condition precedent, the insured had fully complied with all the terms of the policy the policy provided, with reference to the assistance and cooperation of the insured, the following:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

The policy also provided that it does not apply under the coverages for liability for personal injuries and damage for "liability assumed by the insured under any contract or agreement."

On December 29, 1953, Otis L. Smith, the insured, filled out and furnished to the appellant his signed Automobile Claim Report wherein he described the accident as follows:

"I was traveling North on Highway 101 app. 10 mi. North of Woodruff, S. C., and approaching a slight curve and rise on curve. A Pontiac driven by a Mr. Cook ran into me hitting my left front side with his right front side."

The form upon which the insured made the foregoing report shows C. R. Townsend, a Highway Patrolman, who later testified, as a witness.

Thereafter, the insured was under the professional care of Dr. George C. Albright, a dentist of Greenville, South Carolina, and in connection with filing an insurance claim, he filled out in his own handwriting the following account of the accident:

"I was driving along at a speed of approximately 55-60 M.P.H., when the other car appeared coming over this slight hill toward me on my side of the road. I swerved to the right to avoid collision but the right front of his car struck the left front of mine, on the right side of the road."

It appears that a copy of the last mentioned report was furnished to the appellant in connection with the preparation of the answer and the counterclaim of the said Otis L. Smith.

The report of C. R. Townsend, the Highway Patrolman above referred to, shows that he had not been able to talk to the driver of either of the cars but that "the two cars collided head on in the middle of the highway." The evidence shows that the report of the highway patrolman was in the possession of the appellant, in its office in Jacksonville, Florida, and was obtained from that office by the attorney for the appellant for use in connection with the trial of the injury case.

The record shows that Otis L. Smith contracted leukemia and was advised by his physicians that he had only a few weeks to live. After he had this information, and on October

12, 1954, he wrote his personal attorney a letter, stating that he had the "dread disease of leukemia" and that "the doctors only give me a few weeks, at the most, to live, since medical science knows no cure for the disease." He then explained how the collision between his car and that of the respondent occurred. He said:

"I was on my way to veterans school at Reidsville on the evening of Dec. 15, 1953 after working 10 hrs. in Riverdale Mills at Enoree, S. C. that day. Since I had worked 12 hrs. the day before, with little sleep that night, my body was almost in a state of fatigue. So while approaching the spot where the accident happened I dozed momentarily at the wheel. The moment I opened my eyes I saw I was across the white line and instinctively swerved back toward my side of the road. At this very instant I became aware of another car approaching. I was making approximately 60 miles per hour and I am sure the other car was going equally as fast. Due to the fact that the scene of the accident is completely blind from both directions at a very short distance, I do not know whether the other car was approaching across the white line to miss me or for other reasons. But I do know, that at the combined speeds of both cars, at the time I became aware of the other car, there was no possible way to avoid a collision.

"Due to the fact that I was on the wrong side of the road momentarily and in spite of the injuries and losses I sustained, I feel that the accident was my fault and I want you to work for a settlement on that basis. I don't want any money and I know this will greatly cut your expected commission on the case, but even though I don't have very much I will see that you get your fee for your services."

The contents of the foregoing letter were communicated to the appellant. Thereafter, Otis L. Smith gave to the representative of the appellant an affidavit confirming the statement made by him to his attorney in the letter from which we have quoted. Thereafter, the appellant defended the injury action in behalf of Otis L. Smith and his estate under a

non-waiver agreement. When the injury case was tried, the attorney for the estate of Otis L. Smith withdrew and had dimissed the counterclaim filed by the insured. The case proceeded to trial and resulted in the judgment heretofore stated.

The present action was instituted by the respondent to recover from the appellant the sum of $5,000.00, being the amount of the aforesaid judgment, together with interest and costs. It was alleged in the complaint that by the terms of the liability insurance contract, the appellant agreed that it would pay any judgment, not exceeding the sum of $5,-000.00, to any person injured by reason of the negligent operation of the automobile of Otis L. Smith. It was further alleged that the insurance policy provided that the judgment creditor would have the right to institute this action against the appellant to collect such judgment. It was also alleged that the respondent had demanded payment of the judgment and such had been refused. The appellant, by way of answer to the complaint, admitted that it did issue to Otis L. Smith a liability insurance policy with a limit as to any one person in the amount of $5,000.00, and that subject to the conditions, terms and limitations contained in said policy it was in full force and effect at the time of the collision in which the respondent sustained injuries. The answer also admitted that the respondent obtained the aforesaid judgment against the insured but denied liability on the ground that the insured had failed to comply with the terms of the policy. The appellant further alleged that the insured, following the accident with the respondent, represented to the appellant as to how the accident between the insured and the respondent had occurred, and that he later changed such statement with respect to the facts, thereby misleading and preventing the appellant from exercising its right to negotiate and settle respondent's claim. It was further alleged that the insured violated the contract of insurance by assuming liability to the respondent. In brief, the appellant alleges that the insured violated the terms and provisions of the

liability insurance policy by his misstatements as to the facts concerning the cause and circumstances of the accident, by admitting responsibility therefor, and, in effect, assuming obligation therefor, and by his failure to cooperate with the insurer in the defense of the action. The appellant asserted the aforesaid defenses and referred to the provisions of the policy containing such limitations and conditions, which said limitations and conditions we have heretofore quoted. The answer of the appellant also alleges that because of the false and erroneous statements as to the facts concerning the cause and circumstances of the accident, he thereby failed to cooperate with the appellant and because of such, serious prejudice resulted to the appellant in its defense of said cause.

This action was tried before the Honorable J. B. Pruitt, the Presiding Judge of the Seventh Circuit, without a jury, both parties having waived the right to a trial by jury. At the conclusion of the testimony both parties to this action moved for judgment. Thereafter, on June 19, 1958, the trial Judge filed his order granting a judgment in favor of the respondent against the appellant in the amount of $5,-000.00, together with interest and costs. This appeal followed.

We agree with the appellant that the respondent herein, the injured person, has no greater right under the liability insurance policy than has the insured or his estate. We so held when this case was before us on a matter of pleading. *Crook v. State Farm Mutual Automobile Ins. Co.*, 231 S. C. 257, 98 S. E. (2d) 427, and *Pharr v. Canal Ins. Co.*, 233 S. C. 266, 104 S. E. (2d) 394.

In the case of *Crook v. State Farm Mutual Automobile Ins. Co., supra,* we said:

"The present action is one plainly upon contract. It is, therefore, subject to any proper defense by the Insurance Company under the terms of its contract. The issue between the parties here is the same as it would be had the assured brought the action. The insurer has set forth in its answer a violation of the policy contract by the insured. If it estab-

lishes its defense, the respondent cannot recover against it."
[231 S. C. 257, 98 S. E. (2d) 431.]

The appellant asserts that the insured violated the terms,
conditions and provisions of the liability insurance policy by
his statements concerning the cause and circumstances of the
accident which indicated a want of liability on his part, but
later made statements admitting his responsibility for the
accident and, in effect, assuming liability for such. In this
respect the appellant asserts that such conduct on the part
of the insured constituted a lack of cooperation on his part,
thereby relieving the insurer from liability to the respondent.

In the case of *Pharr v. Canal Ins. Co., supra* [233 S. C.
266, 104 S. E. (2d) 402], we held:

"\* \* \* Whether an insured, under an automobile liability
policy, has failed to co-operate with the insurer in the de-
fense of claims and suits, as required by the policy, and
whether such failure to co-operate has operated to the sub-
stantial prejudice of the insurer, are questions for the jury;
*Meehan v. Commercial Casualty Ins. Co.,* 166 S. C. 496,
165 S. E. 194; *Walker v. New Amsterdam Casualty Co.,*
157 S. C. 381, 154 S. E. 221, unless there can be but one
reasonable inference from the evidence, *Tucker v. State
Farm Mut. Auto. Ins. Co.,* 232 S. C. 615, 103 S. E. (2d)
272."

We likewise held in the case of *Pharr v. Canal Ins. Co.,
supra,* the following:

"The burden of proof is upon the insurer to show that
the insured has failed to perform the terms and conditions
invoked upon him by the policy contract. In the case of
*Shipp v. Connecticut Indemnity Co.,* 194 Va. 249, 72 S. E.
(2d) 343, 348, it is said:

" 'Whether or not in a particular instance the insured has
failed to give the cooperation contemplated by the policy is
ordinarily a question of fact. Blashfield, Automobile Law,
Perm. Ed., Vol. 6, p. 413.

" 'Upon that issue the insurer has the burden of proof.
*Indemnity Insurance Co. of North America v. Davis'*

*Adm'r,* 150 Va. 778, 143 S. E. 328; *MacClure v. Accident & C. Ins. Co.,* 229 N. C. 305, 49 S. E. (2d) 742; Annotations, 72 A. L. R. at page 1453, 98 A. L. R. at page 1468, 139 A. L. R. at page 777.'

"See, also, in this connection the cases of *General Casualty & Sur. Co. v. Kierstead,* 8 Cir., 67 F. (2d) 523; *Fidelity & Guaranty Co. v. Snite,* 106 Fla. 702, 143 So. 617; *Pennsylvania Threshermen & Farmers Mut. Cas. Ins. Co. v. Owens,* 4 Cir., 238 F. (2d) 549; *Huguenin v. Continental Casualty Co.,* 94 S. C. 138, 77 S. E. 751, and *Frierson v. United States Cas. Co.,* 100 S. C. 162, 84 S. E. 535.

"The burden of proof is also upon the insurer not only to prove a breach of the co-operation clause, but in addition, that the insurer was substantially prejudiced in the particular case by the failure to cooperate. *American Fire & Casualty Co. v. Vliet,* 148 Fla. 568, 4 So. (2d) 862, 139 A. L. R. 767. See, also, the Annotations in 34 A. L. R. (2d) 264 and 72 A. L. R. 1446."

The apellant asserts that we should hold that the insurer is relieved from liability under its policy where there is a violation of the cooperation clause without a showing of actual prejudice. It says that the co-operation clause required the insured to give to the insurer a fair, frank and truthful disclosure of information reasonably demanded by the insurer, for the purpose of enabling it to determine whether there is a genuine defense. We cannot so hold because we have committed ourselves in the *Pharr case* to the rule that the insurer must be substantially prejudiced in the particular case by the failure to cooperate. If we should follow the rule as stated by the appellant, we would do violence to our own holding. In this connection we state that the appellant applied for and received permission to criticize the holding of this Court in the *Pharr case* with reference to the substantial prejudice rule. However, we do not feel constrained to overrule what we said in the *Pharr case* on this point. We adhere to the rule that the insured's violation of the cooperation clause constitutes a de-

fense to the insurer only where it can show that it was substantially prejudiced by such violation.

The trial Judge held that in order for the appellant "to make a defense on the ground of the assured's failure to cooperate with it, in its defense of the action brought against him, insurer must show that he failed to cooperate with it in such a way as to prejudice it." He also held that in order for a breach of the cooperation clause to constitute a basis of discharge of the insurer from liability, such breach must be substantial and of such a nature to prejudice the insurer's rights. The burden was upon the appellant in this case to prove not only a breach of the cooperation clause but, in addition, that it was substantially prejudiced by the failure of the insured to cooperate. This poses a question of fact.

This is an action at law and was tried by the Judge, without a jury, and the findings of fact made by the trial Judge have the same force and effect as the verdict of a jury, unless he committed some error of law leading to an erroneous conclusion, or the evidence is reasonably susceptible of the opposite conclusion only. *Robinson v. Carolina Casualty Ins. Co.,* 232 S. C. 268, 101 S. E. (2d) 664, and *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447.

We have carefully examined the record in this case and find that there is evidence to sustain the conclusion of the trial Judge that there was no failure on the part of the insured to cooperate with the appellant, which resulted in substantial prejudice to it.

In the case of *Brown v. State Farm Mutual Ins. Co.,* 233 S. C. 376, 104 S. E. (2d) 673, 685, we quoted, with approval, from an annotation in 34 A. L. R. (2d) 264, beginning at page 269, the following:

"The courts have failed to find any breach of the co-operation clause in the fact that the insured misstated generally the facts as to an accident so as to relieve him of responsibility therefor, where such misstatement was withdrawn or corrected prior to trial of the action against him."

. The record reveals that the last statement of Otis L. Smith was dated October 12, 1954, and the injury case was tried on April 20, 1955. It is thus apparent that the misstatement was withdrawn more than six months prior to the trial. The insured was not accused of collusion with the respondent in an effort to impose a fraudulent claim upon the insurer, nor was it claimed that the second statement was tainted with falsity.

■ It is not to be inferred from the foregoing that noncooperation may never be based on a misstatement of facts by the insured even though they tend to relieve him of responsibility. If made recklessly or in bad faith, such misstatements may under some circumstances constitute a failure to cooperate within the meaning of the policy.

■ The appellant asserts that the trial Judge was in error in failing to hold that the insured violated the terms of the liability policy by voluntarily admitting liability to the respondent. Attention is directed to the provision of the policy which says that it does not apply "to liability assumed by the insured under any contract or agreement." We do not think that such a policy provision prohibits the insured from giving the injured person a truthful explanation of the accident and the circumstances thereof. Appleman on Insurance Law and Practice, Vol. 8, page 171, section 4780. Cf. *Porter v. Employers' Liability Assur. Corp.,* 40 Cal. App. (2d) 502, 104 P. (2d) 1087.

■ The trial Judge found that the appellant had insurance coverage on both of the automobiles in the accident, and that the respondent gave to the appellant a complete statement as to how the accident happened. The Court also found that the appellant had full· and complete knowledge of all the facts in this case long prior to the date of the trial of the original action. The appellant asserts that the fact that it had coverage on respondent's automobile had no relevancy in this action. It is true, as is asserted by the appellant, that the trial Judge held that this would have no relevancy as to whether Smith cooperated with the appellant

in the defense of this action. We think the testimony that the appellant had coverage on both automobiles involved in the collision was relevant as to whether or not it had been prejudiced by the changed statement of the insured. If the appellant knew what the facts were in the case, it could not be prejudiced by any statement made by the insured. When a witness for the appellant was testifying, the following questions and answers were given:

"Q. His automobile involved in this accident was insured by your company, wasn't it?

"Mr. Butler: Same objection, Your Honor. I assume Your Honor's ruling is the same?

"The Court: I overrule that objection.

"Q. Your company had Mr. Crook's car insured, didn't it? A. That is my information.

"Mr. Butler: Same objection.

"Q. Don't you know that of your own knowledge? A. Yes, I guess you would say I know it. We have got a file on it."

This same witness testified that the appellant had an adjuster by the name of Tom Moore and he was instructed to investigate this accident. It was also testified that Tom Moore did make an investigation of the accident and that the appellant had the benefit of this investigation. We think that the evidence showing coverage by the appellant on both automobiles involved in this collision was pertinent to the issue of whether the appellant had been substantially prejudiced by the misstatement of the insured.

We conclude that it was a question of fact to be determined by the trial Judge as to whether the insurer was prejudiced by the misstatement given it by the insured. The trial Judge has found against the contention of the appellant. The evidence supports such finding and we are bound thereby.

The respondent, in his complaint, demanded interest on his judgment of $5,000.00 from the date thereof, which was

April 20, 1955. The appellant contends that interest should run from June 19, 1958, this being the date of the order of Judge Pruitt awarding judgment to the respondent against the appellant herein.

It is provided in Section 8-2 of the 1952 Code of Laws of South Carolina, that a judgment shall bear interest at the rate of 6% per annum; and Section 10-1605 of the Code provides:

"When the judgment is for the recovery of money, interest from the time of the verdict or report until judgment be finally entered shall be computed by the clerk and added to the costs of the party entitled thereto."

There can be no question that the estate of the insured is liable for interest from the date of the verdict in the original case, this being the sum of $5,000.00 with interest at 6% from April 20, 1955.

The appellant agreed, in its contract of insurance, "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person caused by accident and arising out of the ownership, maintenance or use of the automobile." Since there was no appeal by the insured in the original injury action, interest thereon is awarded by law as damages for nonpayment of the judgment when due. It has been held that the liability of the insurer for interest is limited to interest upon such part of the judgment for which the insurer is liable under the policy. *Standard Accident Ins. Co. v. Winget*, 9 Cir., 197 F. (2d) 97, 34 A. L. R. (2d) 250. We think this is the correct rule.

The appellant in this case had complete control of the litigation between the respondent and the insured. It had the right to settle the case, or defend it, irrespective of the desires of the insured. It elected to defend the injury action resulting in the judgment heretofore stated. It likewise elected to defend this action brought by the respondent against it upon the contract of insurance. It

is only fair to compel the insurer to pay all the interest which accrues from the date of the original judgment. In this connection we call attention to the cases of *Leaphart v. National Surety Co.,* 167 S. C. 327, 166 S. E. 415; *Columbia Lumber & Mfg. Co. v. Globe Indemnity Co.,* 166 S. C. 408, 164 S. E. 916.

All of the exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.