## Case No. 963.

### BANKS v. MILLER.

[1 Cranch, C. C. 543.] [1]

Circuit Court, District of Columbia. June Term, 1809.

DEPOSITION—RESIDENCE OF ADVERSE PARTY—PRODUCTION OF BOOKS AND PAPERS.

1. It is a sufficient averment of the residence of the adverse party, by the magistrate who takes a deposition under the act of congress, if he certifies that it appears to him that the party resides more than one hundred miles from the place of caption.

2. If books and papers are in court they may be called for after the jury is sworn.

[Cited in Wallar v. Stewart, Case No. 17,-109.]

[See Merrill v. Dawson, Case No. 9,469; Edmonston v. Barrell, Id. 4,284; Patapsco Ins. Co. v. Southgate, 5 Pet. (30 U. S.) 604.]

A deposition, taken under the act of congress, was offered in evidence by the defendant. The magistrate who took it, certified that it appeared to him that the adverse party and his counsel resided at the city of Washington, upwards of one hundred miles from the place of taking the said deposition.

Mr. Caldwell, for the plaintiff, objected, that it was not a positive averment that the adverse party and his attorney were at the time more than one hundred miles, &c.

But THE COURT (DUCKETT, Circuit Judge, absent) overruled the objection.

After the jury was sworn, the defendant called on the plaintiff to produce his books of account, which were then on the table.

THE COURT thought it due notice, as the books were in court.

---

BANKS, (PAIGE v.) See Case No. 10,671.

BANKS, (SMYTH v.) See Case No. 13,134.

BANKS, (WADDINGTON v.) See Case No. 17,028.

BANNATYNE, (HERBERT v.) See Case No. 6,396.

---

## Case No. 964.

### BANNENDAHL v. REDFIELD.

[4 Blatchf. 223; [2] 40 Hunt. Mer. Mag. 75.]

Circuit Court, S. D. New York. Oct. 2, 1858.

CUSTOMS DUTIES — ACTION TO RECOVER PENALTY —ACT MARCH 3, 1851—ACT AUG. 30, 1842.

1. The 3d section of the act of March 3, 1851, (9 Stat. 630,) in regard to reappraisals of imported goods, applies to all goods, as well those imported by their manufacturer, as those imported by their purchaser.

2. The 17th section of the act of August 30, 1842, (5 Stat. 564,) authorizes the imposition of

a penalty of 50 per cent., for the undervaluation of any goods imported. other than those purchased, which latter are provided for by the 8th section of the act of July 30, 1846, (9 Stat. 43,) which imposes a penalty of 20 per cent. on their appraised value.

At law. This was an action [by Conrad N. Bannendahl] against [Heman J. Redfield] the collector of the port of New York, to recover back a penalty of 50 per cent., imposed under § 17 of the act of August 30, 1842, (5 Stat. 564,) for the undervaluation of goods, and paid under protest. The plaintiff claimed to have been the manufacturer of the goods, and insisted that, for that reason, no penalty could be imposed on them under that section. He also claimed, that a reappraisal which was had in the case, under the act of March 3, 1851, (9 Stat. 630, § 3,) should not have been made under that act, but should have been made under the acts of March 1, 1823, (3 Stat. 734, § 13,) and May 28, 1830, (4 Stat. 410, § 4.) [Judgment for defendant.]

NELSON, Circuit Justice. The reappraisal was properly made under the act of March 3d, 1851. The 3d section of that act applies to all goods imported into the United States, as well those imported by their manufacturer, as those imported by their purchaser.

The 17th section of the act of August 30th, 1842, authorizes the imposition of a penalty of 50 per cent., for the undervaluation of any goods imported other than those purchased, which latter are provided for by the 8th section of the act of July 30, 1846, (9 Stat. 43,) which imposes a penalty of 20 per cent. on their appraised value.

There must be a judgment for the defendant, upon the questions reserved in the case made.