SIMPSON v. SOUTH CAROLINA MUTUAL INS. CO.

1. APPEAL—PLEADINGS—PRACTICE—SUBMISSION OF CASE ON PLEAD-
INGS—DEFENSES.—Where the allegations of a complaint are admit-
ted by answer, which also sets up affirmative defenses by way of
avoidance, which defenses are not admitted by plaintiff by reply,
demurrer or in open Court, upon the submission of the case upon
the pleadings, the Court can only consider facts admitted by the
answer, and such facts alleged in answer of which it can take judi-
cial notice, but cannot consider affirmative defenses set up by answer.
2. UPON PETITION FOR REHEARING, Court will not consider facts not
incorporated in "Case."   Rehearing refused.

Before WATTS, J., Greenville, March, 1900.   Affirmed.

Action on fire insurance policy by Augusta A. Simpson *et
al.* against South Carolina Mutual Insurance Co.   From
judgment for plaintiffs, defendant appeals.

*Messrs. Carey & McCullough,* for appellant.   *No cita-
tions on point considered.*

*Messrs. Haynsworth, Parker & Patterson,* contra.   *No
citations on point considered.*

The opinion of the Court was filed September 28, but re-
mittitur stayed until

December 8, 1900.   The opinion of the Court was de-
livered by

MR. JUSTICE JONES.   This case was submitted to the Cir-
cuit Court upon the pleadings by consent of counsel, and
after hearing the pleadings and argument, the Court gave
judgment in favor of the plaintiffs for $296.94.   The com-
plaint was upon a fire insurance policy.   For the purpose of
this appeal it will be sufficient to set forth the following para-
graphs of said complaint: "IV. That prior to said last men-
tioned date, to wit: on or about the 3d day of October, 1896,
at Greenville, in said county of Greenville and State afore-
said, in consideration of a cash premium paid by said plain-

tiff, and an agreement on her part to pay certain contingent assessments to meet future losses, said defendant corporation, by its agents duly authorized thereto, agreed to become an insurer of the dwelling house and outbuildings hereinbefore referred to, and their contents; and said defendant then and there, in pursuance of said agreement, and for the consideration aforesaid, issued and delivered to said plaintiff its policy of insurance, worded, as said plaintiff is informed and believes, in the usual form of policies issued by said defendant, and in and by the said policy insured said plaintiff against loss or damage by fire, wind or lightning, to said property from the said 3d day of October, A. D. 1896, to the expiration of defendant's charter, in the aggregate amount of $1,775, making the loss, if any, payable to said plaintiff, Augusta A. Simpson; and agreed, in case of loss or damage by fire, wind or lightning, to pay the amount thereof to plaintiff, within sixty days after receiving due and proper proof thereof. V. That on the date of the issuing of said policy of insurance, and from then until the fire hereinafter mentioned, said plaintiff had an insurable interest in said property to and beyond the full amount of said insurance. VI. That thereafter, to wit: on or about the 17th day of November, A. D. 1897, and while the said insurance was in full force and effect, the said dwelling house and outbuildings and their contents were partially destroyed by fire, which said fire did not happen from any of the causes excepted by the terms of the said policy. VII. That the said plaintiff duly and regularly fulfilled all the conditions of said insurance on her part; and that due and regular notice of said fire, and the loss sustained thereby, was given to said defendant, according to the conditions and requirements of said policy, and a demand made upon said defendant by said plaintiff for the indemnity stipulated to be paid in case of such loss or damage; and that the duly authorized agent of said defendant adjusted the loss of said plaintiff under the said policy at $1,415, and that said defendant paid said plaintiff in cash and credits, on account of said loss, the fol-

lowing sums at the following times in the year 1898, to wit:
On January 10th, $250; on January 20th, $500; on Febru-
ary 15th, $150; on April 4th, $75; on June 30th, $35; on
September 16th, $20; on November 4th, $75; and on various
dates in the fall of 1898, a number of small items, aggregat-
ing $67.65; the sum total of the payments and credits above
set forth being $1,172.65."

The answer of defendant first admitted all the facts
alleged in the complaint; and then, as stated in appellant's
argument, "set up as a defense that it had performed in full
its part of the contract through its officers and agents; that
it has sent out the assessment which it had agreed to do; had
paid over to the plaintiff all money received on account of
said collections, which amounted to 83 per cent. of the loss;
that 852 members liable for the said assessment had paid
their pro rata in full as prescribed by the charter, by-laws
and contract of insurance, and 168 who had not paid.    A
list of these members, their postoffice addresses and the
amount they were due on account of this loss and others, was
made a part of the answer.    The defendant further alleged
that it had, through its officers and agents, taken all steps
necessary and possible to collect the balance; that it had sued
the delinquent policy holders, as prescribel by the charter
and by-laws, and contract of insurance, and that some of the
parties liable on account of said loss were litigating with the
defendant and resisting payment, but that the defendant
believed it would ultimately succeed in its action against
such delinquent policy holders.    That according to the con-
tract, charter, by-laws, rules and regulations of the said
company, no member is liable for more than his pro rata
share of any loss, and, therefore, the officers of the company
had no right to assess any policy holder who had already
paid his proportion, as called for by said contract, charter,
by-laws, rules and regulations of the company, and that those
who had joined the company since the said loss could not be
made responsible, and it would be wrong to place a judgment
against them, as would be the case were a judgment ren-

dered generally against the company. It, therefore, demanded that the complaint be dismissed, and for costs. As exhibits to the answer and made a part thereof, were the charter of the defendant, acts amendatory thereof, the by-laws and rules and regulations, and a copy of the policy with written portion omitted, and a list of delinquent policy holders, with their postoffice addresses and amounts due."

Upon the exceptions taken, appellant argues that the defendant company performed its full part of the contract of insurance through its officers and agents, and, therefore, the plaintiff has no cause of action. This contention is based upon the terms of the policy, a copy of which was set forth as an exhibit in the answer, upon the charter of the defendant company, and upon the alleged by-laws, of which section 11 was as follows: "Losses by fire, wind or lightning shall be paid by pro rata assessments of the property liable by the terms of the policy. The amount so collected shall fix the liability of the company." But, unfortunately for appellant, we cannot, upon the record before us, consider the question presented by him. The case was heard upon the pleadings. By the answer the facts alleged in the complaint were admitted. The foundation of appellant's contention rests upon the allegations of the answer, setting up a defense by way of avoidance. The plaintiff did not admit the facts alleged in the answer either by demurrer thereto, by reply, or in open Court, and as there was no proof of the facts alleged in the answer, they were not facts which the Circuit Court could consider, and for all that appears we are bound to assume that the Court did not consider such alleged facts. The flaw in appellant's position is in taking for granted, that a submission of the case "upon the pleadings" was an admission of the facts alleged in the answer. By sec. 189 of the Code of Procedure, allegation of new matter in the answer not relating to a counter-claim is to be deemed contraverted by the adverse party as upon direct denial or avoidance, as the case may require. So that by the pleadings the facts

alleged in the answer by way of avoidance stood denied, and no proof was offered to establish such alleged facts. The complaint stated a cause of action which was admitted, and nothing was shown by way of defense. We take judicial notice of the charter of the defendant company, since it is made a public act. This charter gives the right to insure the dwelling houses, &c., of its members, "upon such terms and conditions as may be fixed by the by-laws of such corporation." The corporation is authorized to make by-laws, rules and regulations. By sec. 5 it is provided that every member "shall be bound and held to pay his or her portion of all losses and expenses happening or accruing to said corporation, but no member thereof shall be liable for any greater part of such losses and expenses than shall be his proportionate part thereof." But we find nothing in these provisions, to which we have been cited, nor elsewhere in the charter, to prevent a recovery upon the facts stated in the complaint. As to the by-laws of the defendant company, upon which appellant's argument mainly rests, we cannot take judicial notice of them. We cannot say the Circuit Court erred.

The judgment is, therefore, affirmed.

PER CURIAM—PETITION FOR REHEARING.—The Court is unable to discover that any material fact or principle of law has either been overlooked or disregarded, and hence there is no ground for a rehearing. It may be well for us to add that the well settled rule in reference to rehearings is that the Court must confine its attention to the facts appearing upon the record upon which the case has been originally heard by this Court, and cannot consider any facts which do not there appear. We have not, therefore, felt at liberty to consider any facts stated in the affidavit accompanying this petition.

It is, therefore, ordered, that this petition be dismissed, and that the stay of the *remittitur* heretofore granted be revoked.