15524

WILLIAMS v. METROPOLITAN LIFE INSURANCE COMPANY

(25 S. E. (2d), 243)

June, 194 —.

*Messrs. McLain & Elliott* and *Mr. Yancey A. McLeod,* all of Columbia, S. C., Counsel for Appellant, 

*Mr. C. T. Graydon* and *Mr. F. Ehrlich Thompson,* both of Columbia, S. C., Counsel for Respondent, 

April 8, 1943.

The unanimous opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE:

The action was brought by the respondent, George Williams, as beneficiary, on two insurance policies insuring the life of Mabel Williams, issued by the appellant, Metropolitan Life Insurance Company. Two causes of action are stated: the first, for the recovery of $370.00 on a policy dated December 18, 1938; and the second for the recovery of $124.00, which is the face amount of a policy dated March 18, 1940. The complaint included none of the special terms and provisions of the policies, but merely alleged the date of issue, their designated numbers, and that the insured died while such policies were in full force and effect.

The defendant admitted all of the material allegations of the complaint, and set up as a bar to plaintiff's action, by

way of affirmative defense, the following provision incorporated in the policies:

"When Policy Is Incontestable And When Voidable.

"This Policy shall be incontestable after it has been in force, during the life of the Insured, for one year from its date of issue, except for non-payment of premiums.

"Subject to the foregoing provision, if (1) within two years prior to the date of issue of this policy the Insured has been a patient at, or an inmate of, any institution for the treatment of physical or mental disease, or has undergone any surgical operation, or has been attended by a physician, unless it shall be shown by the Insured or any claimant that no such institutional, surgical, or medical treatment or attention was for a serious disease, injury, or physical or mental condition, or if (2) prior to such date of issue the Insured has been rejected for life insurance by this or any other insurer, then, in either case (1) or case (2), this Policy shall be voidable by the Company, unless reference to such institutional, surgical, or medical treatment or attention, or such prior rejection, is endorsed on this Policy by the Company. Provided, however, that this Policy shall not be voidable because of absence therefrom of endorsement referring to any information which was disclosed in a written application therefor."

The defendant alleged that within two years prior to the date the policies were issued, the insured was attended by a physician and received medical treatment, and that the claimant has not shown that such medical treatment was not for a serious disease. And, further, that no reference to such medical treatment was endorsed on the policies by the insurer—in consequence of which the defendant declared the policies void. By virtue of the foregoing provisions, the defendant denied all liability on the two policies existing in favor of the plaintiff, and prayed that the complaint be dismissed.

Upon trial of the case, the defendant having admitted the material allegations of the complaint, no evidence was offered by the plaintiff. The defendant assumed the burden of proof in the establishment of its affirmative defense, and moved for the right to open and reply, which motion was granted by the Court.

Only one witness was sworn by the defense—Dr. H. D. Monteith. His testimony tended to show that Mabel Williams, the insured, had been treated by him within two years prior to the issuance of the two policies sued upon, and he described the nature of the disease. Upon the conclusion of Dr. Monteith's testimony, both sides closed and each party moved for the direction of a verdict. The Court overruled the defendant's motion, and directed a verdict in favor of the plaintiff, upon the ground, as prayed for, that the insurance policies not having been introduced in evidence, the affirmative defense had not been established. The appeal involves only one question, that is: Were the policies of insurance introduced in evidence by the defendant?

By reason of the admissions in the answer, the plaintiff was entitled to recover upon his causes of action without first offering any proof at all, if no evidence were offered on either side. It was therefore incumbent upon the defendant to establish its defense in avoidance, and it was upon this theory that it was allowed to open and close. *Burckhalter v. Coward,* 16 S. C., 435.

The record is clear that neither policy of insurance was put in evidence. Appellant takes the position that its affirmative defense was established by the testimony of Dr. Monteith, and by the mere reading of the answer to the jury. But this medical testimony standing alone lacked probative value. Without proof of the policy provision relied upon, which went to the very essence and foundation of the defense, there was nothing to apply it to.

Appellant's argument overlooks the pertinent portion of Section 488, 1942 Code, which provides: "But the allegation

of new matter in the answer, not relating to a counterclaim, or of new matter in a reply, is to be deemed controverted by the adverse party as upon a direct denial or avoidance, as in the case may require."

The alleged clause in the policies relied upon by the appellant to defeat recovery did not relate to a counterclaim, but constituted new matter, which under Section 488 must be taken as having been specifically denied by the plaintiff. This made an issue, and cast upon the defendant the burden of proving that the policies contained the provisions quoted, and that no reference as to medical treatment was endorsed upon the policies. This it failed to do; the policies were never placed in evidence.

Although these policies were in the actual possession of plaintiff's counsel during the progress of the trial, and such fact was known to defendant's counsel, no demand was made for their production so that they could be offered in evidence. Nor was any motion made by the defense to reopen the case in order that the policies might be introduced. It is true that the defendant had served no *subpoena duces tecum* upon plaintiff's counsel requiring the production of the policies, but this under the circumstances of the case was not necessary. No notice is necessary when the paper called for is actually in Court. *Worth v. Norton,* 60 S. C., 293, 38 S. E., 605; *Thompson Bros. v. Piedmont Mutual Insurance Company,* 77 S. C., 294, 57 S. E., 848. But, as already stated, although the policies were known to be in Court, no demand therefor was made.

Substantially the same situation arose in the case of *Simpson v. South Carolina Mutual Insurance Company,* 59 S. C., 195, 37 S. E., 18, 19, 225, an action upon an insurance policy which was submitted to the Court upon the pleadings. In that case the insurance company relied upon the terms of the policy to defeat recovery, and a copy of the policy was attached to the answer as an exhibit, to which reference

was prayed. The Court in affirming the judgment below had this to say: "But unfortunately for appellant, we cannot, upon the record before us, consider the question presented by him. The case was heard upon the pleadings. By the answer the facts alleged in the complaint were admitted. The foundation of appellant's contention rests upon the allegations of the answer setting up a defense by way of avoidance. The plaintiff did not admit the facts alleged in the answer either by demurrer thereto, by reply, or in open court, and, as there was no proof of the facts alleged in the answer, they were not facts which the circuit court could consider, and, for all that appears, we are bound to assume that the court did not consider such alleged facts. The flaw in appellant's position is in taking for granted that a submission of the case 'upon the pleadings' was an admission of the facts alleged in the answer. By Section 189 of the Code of Procedure allegation of new matter in the answer, not relating to a counterclaim, is to be deemed controverted by the adverse party upon direct denial or avoidance, as the case may require. So that by the pleadings the facts alleged in the answer by way of avoidance stood denied, and no proof was offered to establish such alleged facts. The complaint stated a cause of action, which was admitted, and nothing was shown by way of defense."

In *Thompson Bros. v. Piedmont Mutual Insurance Company,* 77 S. C., 294, 57 S. E., 848, 849, the action was brought upon a fire insurance policy. The defendant admitted the execution and delivery of the policy, but denied that the plaintiff had complied with its conditions. In that case the Court stated: "Here the defendant did set out in his answer the specific provisions alleged to have been violated by the plaintiffs, still the further duty devolved upon him to prove his defense." Judgment was affirmed because the defendant failed to produce and introduce in evidence the policy provisions upon which he relied to defeat recovery.

It matters little that the answer, which contained the provisions relied upon by the appellant to prevent recovery, was read to the jury at the inception of the trial; nor does it affect the issue that the answer of the defendant "prays reference to such policies for all of their terms and conditions."

The allegations of a pleading merely affirm propositions which are to be established by proof. It is a truism that allegation without proof is as unavailing as proof without allegation. Not only is it essential that every fact necessary to constitute a cause of action or defense be pleaded, but every such fact, if in issue, must be proved.

The case of *Curdts v. Pioneer Life Insurance Company,* 166 S. C., 94, 164 S. E., 438, is closely akin to the case at bar. The action was upon a life insurance policy. The insurer admitted the material allegations of the complaint, and defended upon the ground of forfeiture for nonpayment of premiums. The defendant offered no testimony, and moved for the direction of a verdict upon the ground, among others, that the plaintiff had failed to offer in evidence the policy contract. The Court refused this motion, but directed a verdict in favor of the plaintiff upon the ground that the defendant admitted all of the material allegations of the complaint, and had failed to prove its affirmative defense to the effect that the policy had lapsed, and ceased to be of force on account of the nonpayment of premiums. The Court further held that the answer having admitted the written agreement between the insurer and the insured to be as alleged in the complaint, entitled the beneficiary to recover without introducing the policy in evidence.

We are sensible of the hardship apparent in this case, but the judgment of the lower Court in directing a verdict in favor ·of the plaintiff must be affirmed, upon the ground that the defendant failed to prove

its affirmative defense. In view of this holding, it is needless for us to discuss whether the defendant would have been entitled to a directed verdict if the policies of insurance had been introduced in evidence.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.