## WOLFF v. CAPITAL TRANSIT CO.
### No. 129.

Municipal Court of Appeals for the
District of Columbia.

Jan. 14, 1944.

Rehearing Denied Feb. 9, 1944.

Fred B. Rhodes, of Washington, D. C. for appellant.

R. E. Lee Goff, of Washington, D. C. (Bowen & Kelly, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Appellant sought damages for personal injuries allegedly caused by a fall as she was alighting from a street car of appellee. Her claim was that the step of the car was not fully lowered and that she was caused to fall when the step further lowered as she stepped on it.

Whether appellant was the first to leave the car at this particular stop or was preceded by others, was a material issue in the case. She testified that she was the first passenger to leave the car. The motorman and two other witnesses testified that two passengers got off ahead of her.

On cross-examination, the motorman was asked if he had not stated in a written report to the company, made immediately after the accident, that only one person left the car ahead of appellant. He replied

that he made a report following the accident, which occurred two years prior to the trial, and had not seen the report since making it, but his recollection was that he made no such statement in the report.

Counsel for appellant called upon counsel for appellee to produce the report of the motorman. This request was refused and appellant's counsel moved the court to order production. The court, being informed that no notice to produce had been served, ruled that it could not compel appellee's counsel to produce the report.

Appellant's counsel then called upon appellee's counsel to take the stand as a witness, for the purpose of demanding production of the report. Appellee's counsel stated the report was a privileged communication and refused to take the stand unless ordered to do so by the court. The court ruled that the attorney could not be compelled to produce the report and refused to order him to the stand.

Appellant's counsel then called as a witness one Martin, an employee in appellee's claim department, who was present at the trial table, for the purpose of demanding that Martin produce the report. The court ruled that Martin could not be compelled to produce the report and refused to order him to the stand.

The case was submitted to the jury which returned a verdict in favor of the transit company.

At the argument here, appellee's counsel frankly admitted that he had the motorman's report in his possession at the trial. The question presented, therefore, is whether a notice to produce or a subpoena duces tecum is a prerequisite to the court's power to order production of documentary evidence actually present in court in possession of a party or his counsel.

Section 14—405 of the Code provides that in actions at law the court may, on motion, and on reasonable notice thereof, require the parties to produce books and writings in their possession or power, which contain evidence pertinent to the issue.

■ A subpoena for attendance as witness, or one for the production of documentary evidence, is for the purpose of having the witness or document present at the trial. If no subpoena is issued but the witness or document is nevertheless present,

we perceive no reason why the witness cannot be ordered to take the stand or the document ordered produced. The subpoena brings the witness or document within the control of the court; but a witness who voluntarily appears or a document voluntarily brought into the court room is just as much subject to the control of the court as if present under compulsion of subpoena.

■ A notice to produce, in many respects, serves the same purpose as a subpoena duces tecum. It notifies the opposing party to produce the document at the trial. It is a step taken by counsel preliminary to moving the court to order production. The reasonable notice referred to by the Code contemplates that a party shall not be required to produce papers at the trial unless he has had notice and a reasonable time in which to produce them. What is a reasonable time will depend on the circumstances of each case. But where, without notice, he brings the paper to court, the question of notice or reasonable time to produce does not exist. No time is needed in which to produce that which is present. "No notice is necessary when the paper called for is actually in Court." Williams v. Metropolitan Life Ins. Co., 202 S.C. 384, 25 S.E.2d 243, 245. In an early case in this District, Banks v. Miller, Fed.Cas. No. 963, 1 Cranch C.C. 543, it was held that a demand made at the trial to produce books of account was due notice, as the books were in court.

■ If no notice to produce is served and the paper is not present at the trial, the court may well decline to order its production where such would unreasonably delay progress of the trial or work legal prejudice to the other party. But to refuse to order the production of a paper actually present, merely on the ground that no notice to produce has been served, in the language of Mr. Wigmore, "would be the merest technical formality."[1]

In the recent case of Robertson v. Commonwealth, 181 Va. 520, 25 S.E.2d 352, 357, 146 A.L.R. 966, the court considered a situation almost identical with the one here. In an action against a street car company the motorman was asked on cross-examination if he had made a written report to his employer. Upon answering in the affirmative, he was requested to produce the statement. Counsel for the

---

[1] Wigmore on Evidence, 3d Ed., Vol. 8, sec. 2199, p. 110, and sec. 2200, p. 116.

street car company announced that the statement was in his possession and would not be produced. The court ordered its production and, upon counsel's refusal, ruled that counsel was guilty of contempt and imposed a fine upon him. The Supreme Court of Appeals of Virginia affirmed the action of the trial court,[2] saying:

"A litigant's attendance upon the trial may be compelled by the issuance and service upon him of a subpoena under Code § 6217, as amended by Acts 1940, c. 159, as is the case with any other witness. But a party to a civil suit, as well as any other witness, who is present in court may, of course, be called upon to testify although he may not have been served with a subpoena.

"The same principle applies to subpoenas issued under Code, §§ 6219 and 6237. While under these sections a witness or an adverse party may be compelled to appear and bring with him material documentary evidence, should the witness or party be present in court and have in his custody the desired document, he may be lawfully compelled by the verbal direction of the court to produce it although no subpoena has been issued therefor."

■ The court cited numerous authorities sustaining its conclusion, and we think it correctly stated the law. Accordingly we hold that the trial court was in error in ruling that it could not compel production of the document.

■■ With respect to the claim of appellee's counsel that the document was a privileged communication, we cannot rule nor was the trial court in a position to rule. Its confidential character, or lack of it, could not be determined without knowing the circumstances under which it was made, why it was made, to whom it was made, and the purpose of making it.[3] The mere fact that it was in possession of counsel did not automatically clothe it with the cloak of privilege.

■ Counsel for appellee argues that the refusal to compel production of the report could not have been prejudicial to appellant. Since the contents of the document were never disclosed we cannot hold as a matter of law that had it been produced and received in evidence it would have had no effect on the verdict of the jury.

Reversed with instructions to award a new trial.

---

[2] A Virginia statute made the statement inadmissible for the purpose of contradicting the witness, but it was held this did not justify counsel in refusing to obey the order of the court.

[3] See annotation in 146 A.L.R. 977.